IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANS C. EHNERT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEAMFITTERS LOCAL 449. )<br>)<br>Defendant. ) | Civil Action No. 18-979 |

**<u>ORDER</u>**

Plaintiff Hans Ehnert has filed a Motion to Compel Discovery Responses (ECF No. 73) in connection with a Request for Production ("Request") directed to Defendant Steamfitters Local 449. Plaintiff asserts that Defendant's responses are inadequate and seeks "full and complete responses." Defendant argues that it has produced responsive documents and has appropriately objected to certain of the requests on various grounds.

The Court has reviewed the Request and Defendant's objections and responses. Defendant stated that it has produced documents in response to Request Nos. 2, 8, 11 (part 1) and 19. In addition, as Defendant correctly notes, Request Nos. 11 (part 2), 14, 15, 18, 20 and 22 are not requests for documents but rather, are statements or questions. Further, Defendant represents that it does not possess any documents that are responsive to Request Nos. 9 and 13. Therefore, Plaintiff's motion will be denied with respect to all of these requests.

Turning to the remaining document requests, Defendant has objected to a number of them because of its contention that they seek documents that are not relevant to the remaining issues in this case. They assert that the sole remaining issues in this case relate to Plaintiff's claim that his union membership was improperly terminated because of his age and/or disability or was retaliatory. Defendant takes the position that requests for documents related to the following are

irrelevant to Plaintiff's claims: Plaintiff's union application; grievances filed by any union member since 2012; disciplinary records for all members of the metal trades group; transcripts of testimony of Mr. Broadbent and others in unrelated hearings; offers of employment to other union members who were laid off; tax records of Mr. Broadbent; records of dues payment by all other union members since 2012; records related to late payments by union members; the union steward's responsibilities; any grievance filed by a union member that related to discrimination or a protected right; and all recordings of swearing in ceremonies over a ten year period.[1]

Defendant also claims that many of these same requests are unduly burdensome, including requests for all member grievances since 2012 (Request No. 3); all disciplinary records for an unlimited time period (Request No. 4); all transcripts of Mr. Broadbent and others for an unlimited time (Request No. 5); tax returns of Mr. Broadbent since 2014 (Request No. 7); all documents related to payment of union dues over an unlimited time for all current and former union members (Request No. 10); and all documents that relate to a late payment by any union member over an unlimited time (Request No. 12).

Plaintiff has not demonstrated that Defendant's responses to his Request are inadequate or incomplete. The document requests at issue seek documents on matters that have no bearing on or relevance to the claims that remain in this case and/or are so overbroad in scope and time that they would impose an undue burden on Defendant. The central issue in this case is the reason or reasons for Plaintiff's termination from the union in 2014. Plaintiff has not shown that the requested documents are relevant to this issue or would lead to the discovery of admissible evidence regarding issues surrounding his termination from the union in 2014, allegedly for failure to pay dues. Notably, Defendant represents that it has produced documents regarding Plaintiff's

---

[1] The requests at issue are Request Nos. 1, 3, 4, 5, 6, 7, 10, 12, 16, 17 and 21, respectively.

termination from union membership and communications regarding Plaintiff after the termination of his employment with Chapman Corporation (Request Nos. 8, 11 (part one)).

While some inquiry regarding whether other union members were terminated because of their failure to pay union dues or to do so in a timely way may be relevant or may lead to the discovery of admissible evidence, requesting this information of all current and former members over an unlimited time period is overly broad in scope. As Defendant notes in its responses, Plaintiff can ask relevant questions during the deposition of a representative of Defendant regarding the reason(s) why he was terminated from union membership, Defendant's policies regarding payment of union dues and whether in a similar time frame other members were terminated, or not, for failure to pay union dues.

Plaintiff's request for a "forensic analysis" will also be denied. He appears to base his request, at least in part, on his allegation that Defendant has been untruthful about the reasons for his termination as well as the circumstances surrounding payment of Plaintiff's union dues. However, these are central issues in the case, not a valid reason for a forensic analysis. In addition, based upon Defendant's representation that it has only produced authentic, unaltered documents. Plaintiff's mere speculation that Defendant has altered its documents is unavailing.

Therefore, Plaintiff's Motion to Compel Discovery Responses is DENIED.

SO ORDERED this 9th day of February, 2021

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge